## TONE *vs.* BRACE.

A tenant took a lease of a farm for five years, at an annual rent, with a clause that he might sow not more than fifty acres of wheat during the last year, and remove the crop after the lease should expire. The tenant was evicted under an elder incumbrance, before the expiration of his lease, and the landlord brought an action at law for the rent. The tenant filed his bill to restrain the proceedings at law, and have his damages ascertained and set off against the claim for rent.—Held, that if the tenant had any remedy under the covenants of his lease, his remedy was adequate at law; and if he had no remedy upon the covenants, he had no remedy in equity; and the injunction was dissolved.

*J. W. Gilbert,* for complainant.

*C. M. Lee,* for defendant.

THE VICE CHANCELLOR. The defendant leased to the complainant certain premises (a farm) for five years from April 1, 1837, at the yearly rent of $550, payable on the first day of January in each year. There was this clause in the lease: " The party of the second part may sow not more than fifty acres with wheat during the last year, and may remove the crop after the lease shall expire." On the 25th Jan. 1840, the lessee was evicted by a sale under an elder mortgage. The lessor brought his action at law to recover the year's rent due Jan. 1, 1840. The

Aug. 1840.

Tone
v.
Brace.

lessee, the complainant in this cause, filed his bill to restrain the proceedings at law, and to have his damages ascertained under the lease, and to have the same offset to the rent—alleging that the lessor had removed to Michigan, and was insolvent. The answer denies the insolvency, and a motion is now made to dissolve the injunction issued upon filing the bill. Upon the state of facts here presented, it seems to me that there is no ground for the interference of this court. Perhaps the defendant at law had no defence to the action for rent, before that tribunal, though he is damaged by loosing the benefit of the last crop guarantied to him by the lease. He is doubtless actually damaged by the loss of the crop sowed last fall. But if for all this he has any remedy under the lease, he has an ample remedy at law. If he has no remedy under the covenants of the lease, he can have no remedy here. The only ground upon which equity would interfere is, that the lessor is out of the jurisdiction, and bankrupt. This last is denied. The lessee or complainant, if he has any remedy, has a remedy at law, and the injunction must be dissolved with costs.(*a*)

(*a*) The decision in this cause was affirmed on appeal to the Chancellor.